**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CAS MCKINNEY** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** |
| | § | **6:23-cv-00137-ADA-DTG** |
| **TRAVELERS PERSONAL** | § | |
| **INSURANCE COMPANY** | § | |

<u>**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Personal Insurance Company ("Travelers"), the defendant in the above entitled and numbered cause, and, pursuant to the parties' May 9, 2023 proposed scheduling order, Dkt. No. 5, and Rule 15(a)(2) of the Federal Rules of Civil Procedure, timely files this first amended original answer to the plaintiff's original petition on file herein, and respectfully shows unto this Honorable Court as follows:

1.1     Travelers denies the allegations in paragraph no. 1.1 of the plaintiff's original petition. Specifically, Travelers alleges that discovery in this case will be subject to the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Texas, Waco Division, and the orders of this Court.

2.1     Upon information and belief, Travelers admits the allegations in paragraph no. 2.1 of the plaintiff's original petition.

2.2     Travelers admits that it is a Connecticut corporation with its principal place of business in the State of Connecticut and is admitted and authorized to sell insurance in the State of Texas as alleged in paragraph no. 2.2 of the plaintiff's original petition.

3.1     Travelers admits the plaintiff's cause of action, if any, accrued in Bell County, Texas as alleged in paragraph no. 3.1 of the plaintiff's original petition. Travelers

further admits that venue is proper in the Western District of Texas, Waco Division, as alleged in paragraph no. 3.1 of the plaintiff's original petition.

4.1    Travelers admits that the United States District Court for the Western District of Texas, Waco Division, has jurisdiction over the subject matter and the parties to this lawsuit as alleged in paragraph no. 4.1 of the plaintiff's original petition, but Travelers denies there is not complete diversity of citizenship among the parties as alleged in paragraph no. 4.1 of the plaintiff's original petition.

4.2    Travelers admits that the United States District Court for the Western District of Texas, Waco Division, has jurisdiction over the subject matter and the parties to this lawsuit as alleged in paragraph no. 4.2 of the plaintiff's original petition.

5.1    Travelers admits it issued a policy of insurance to the plaintiff, policy no. 611311989 634 1, with effective dates from February 27, 2022 to February 27, 2023 ("the Travelers policy"), pertaining to a property located at 500 Stringer St., Killeen, Texas 76541, as alleged in paragraph no. 5.1 of the plaintiff's original petition, which policy is subject to certain terms, conditions, limitations, and exclusions and otherwise speaks for itself.

5.2    Travelers admits theft is a covered peril under the Travelers policy as alleged in paragraph no. 5.2 of the plaintiff's original petition, but such coverage is subject to is subject to certain terms, conditions, limitations, and exclusions. Moreover, the Travelers policy speaks for itself.

5.3    Travelers admits that the plaintiff alleges that certain personal property was stollen from plaintiff's residence on or about June of 2020 as alleged in paragraph 5.3 of

the plaintiff's original petition, but Travelers denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

      5.4     Travelers admits the allegation in paragraph no. 5.4 of the plaintiff's original petition.

      5.5     Travelers admits the plaintiff submitted a claim to Travelers under the Travelers policy, which Travelers assigned claim no. IPU6266, for damages the plaintiff allegedly sustained as a result of a June 2020 theft of personal property as alleged in paragraph no. 5.5 of the plaintiff's original complaint, but Travelers denies the nature, scope, and extent of the damage alleged by the plaintiff and denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

      5.6     Travelers admits the allegations in paragraph no. 5.6 of the plaintiff's original petition.

      5.7     Travelers admits the allegations in paragraph no. 5.7 of the plaintiff's original petition, but Travelers denies the nature, scope, and extent of the damage alleged by the plaintiff and denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

      5.8     Travelers denies the allegations in paragraph no. 5.8 of the plaintiff's original petition.

      5.9     Travelers denies the allegations in paragraph no. 5.9 of the plaintiff's original petition.

      5.10   Travelers denies the allegations in paragraph no. 5.10 of the plaintiff's original petition.

5.11    Travelers denies the allegations in paragraph no. 5.11 of the plaintiff's original petition.

5.12    Travelers denies the allegations in paragraph no. 5.12 of the plaintiff's original petition.

5.13    Travelers denies the allegations in paragraph no. 5.13 of the plaintiff's original petition.

5.14    Travelers denies the allegations in paragraph no. 5.14 of the plaintiff's original petition.

5.15    Travelers denies the allegations in paragraph no. 5.15 of the plaintiff's original petition.

5.16    Travelers denies the allegations in paragraph no. 5.16 of the plaintiff's original petition.

5.17    Travelers denies the allegations in paragraph no. 5.17 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

5.18    Travelers denies the allegations in paragraph no. 5.18 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

5.19    Travelers denies the allegations in paragraph no. 5.19 of the plaintiff's original petition.

5.20    Travelers denies the allegations in paragraph no. 5.20 of the plaintiff's original petition.

5.21   Travelers denies the allegations in paragraph no. 5.21 of the plaintiff's original petition.

5.22   Travelers denies the allegations in paragraph no. 5.22 of the plaintiff's original petition.

5.23   Travelers denies the allegations in paragraph no. 5.23 of the plaintiff's original petition.

5.24   Travelers denies the allegations in paragraph no. 5.24 of the plaintiff's original petition.

5.25   Travelers denies the allegations in paragraph no. 5.25 of the plaintiff's original petition.

5.26   Travelers denies the allegations in paragraph no. 5.26 of the plaintiff's original petition.

5.27   Travelers denies the allegations in paragraph no. 5.27 of the plaintiff's original petition.

5.28   Travelers denies the allegations in paragraph no. 5.28 of the plaintiff's original petition.

6.1     Travelers denies the allegations in paragraph no. 6.1of the plaintiff's original petition.

7.1     With specific respect to employees of Travelers, Travelers admits the allegations in paragraph no. 7.1 of the plaintiff's original petition.

8.1     Paragraph no. 8.1 of the plaintiff's original petition does not contain any allegations to which a response is necessary. To the extent a response is deemed

necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 8.1 of the plaintiff's original petition.

8.2    Travelers admits it issued the Travelers policy to the plaintiff, which policy was in effect at the time of the claimed loss as alleged in paragraph no. 8.2 of the plaintiff's original petition, and which policy is subject to certain terms, conditions, limitations, and exclusions and otherwise speaks for itself.

8.3    Travelers admits the allegations in paragraph no. 8.3 of the plaintiff's original petition.

8.4    Travelers denies the allegations in paragraph no. 8.4 of the plaintiff's original petition.

8.5    Travelers denies the allegations in paragraph no. 8.5 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

8.6    Travelers denies the allegations in paragraph no. 8.6 of the plaintiff's original petition.

8.7    Travelers denies the allegations in paragraph no. 8.7 of the plaintiff's original petition.

9.1    Paragraph no. 9.1 of the plaintiff's original petition does not contain any allegations to which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 9.1 of the plaintiff's original petition.

9.2    Although Travelers admits the plaintiff qualifies as a "consumer" under the Texas Deceptive Trade Practices – Consumer Protection Act as alleged in paragraph no.

9.2 of the plaintiff's original petition, Travelers denies the remainder of the allegations in paragraph no. 9.2 of the plaintiff's original petition.

      9.3    OMITTED FROM THE PLAINTIFF'S ORIGINAL PETITION

      9.4    Travelers denies the allegations in paragraph no. 9.4 of the plaintiff's original petition.

      9.5    Travelers denies the allegations in paragraph no. 9.5 of the plaintiff's original petition and all subparts thereto:

            a.    Travelers denies the allegations in subpart a. of paragraph no. 9.5 of the plaintiff's original petition.

            b.    Travelers denies the allegations in subpart b. of paragraph no. 9.5 of the plaintiff's original petition.

            c.    Travelers denies the allegations in subpart c. of paragraph no. 9.5 of the plaintiff's original petition.

            d.    Travelers denies the allegations in subpart d. of paragraph no. 9.5 of the plaintiff's original petition.

      9.6    Travelers denies the allegations in paragraph no. 9.6 of the plaintiff's original petition.

      9.7    Travelers denies the allegations in paragraph no. 9.7 of the plaintiff's original petition.

      9.8    Travelers denies the allegations in paragraph no. 9.8 of the plaintiff's original petition.

      9.9    Travelers denies the allegations in paragraph no. 9.9 of the plaintiff's original petition.

9.10    Travelers denies the allegations in paragraph no. 9.10 of the plaintiff's original petition.

9.11    Travelers denies the allegations in paragraph no. 9.11 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

9.12    Travelers denies the allegations in paragraph no. 9.12 of the plaintiff's original petition.

9.13    Travelers denies the allegations in paragraph no. 9.13 of the plaintiff's original petition.

9.14    Travelers admits counsel for the plaintiff submitted a notice letter to Travelers dated October 13, 2022 as alleged in paragraph no. 9.14 of the plaintiff's original petition, but Travelers denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

10.1    Paragraph no. 10.1 of the plaintiff's original petition does not contain any allegations to which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 10.1 of the plaintiff's original petition.

10.2    Travelers denies the allegations in paragraph no. 10.2 of the plaintiff's original petition.

10.3    Travelers denies the allegations in paragraph no. 10.3 of the plaintiff's original petition and all subparts thereto:

a.    Travelers denies the allegations in subpart a. of paragraph no. 10.3 of the plaintiff's original petition.

b.      Travelers denies the allegations in subpart b. of paragraph no. 10.3 of the plaintiff's original petition.

c.      Travelers denies the allegations in subpart c. of paragraph no. 10.3 of the plaintiff's original petition and all sub-subparts thereto:

i.      Travelers denies the allegations in sub-subpart i. of subpart c. of paragraph no. 10.3 of the plaintiff's original petition;

ii.     Travelers denies the allegations in sub-subpart ii. of subpart c. of paragraph no. 10.3 of the plaintiff's original petition;

iii.    Travelers denies the allegations in sub-subpart iii. of subpart c. of paragraph no. 10.3 of the plaintiff's original petition;

iv.     Travelers denies the allegations in sub-subpart iv. of subpart c. of paragraph no. 10.3 of the plaintiff's original petition;

v.      Travelers denies the allegations in sub-subpart v. of subpart c. of paragraph no. 10.3 of the plaintiff's original petition.

d.      Travelers denies the allegations in subpart d. of paragraph no. 10.3 of the plaintiff's original petition and all sub-subparts thereto:

i.      Travelers denies the allegations in sub-subpart i. of subpart d. of paragraph no. 10.3 of the plaintiff's original petition;

ii.     Travelers denies the allegations in sub-subpart ii. of subpart d. of paragraph no. 10.3 of the plaintiff's original petition;

iii.    Travelers denies the allegations in sub-subpart iii. of subpart d. of paragraph no. 10.3 of the plaintiff's original petition.

e.     Travelers denies the allegations in subpart e. of paragraph no. 10.3 of the plaintiff's original petition.

10.4   Travelers denies the allegations in paragraph no. 10.4 of the plaintiff's original petition.

10.5   Travelers denies the allegations in paragraph no. 10.5 of the plaintiff's original petition.

10.6   Travelers denies the allegations in paragraph no. 10.6 of the plaintiff's original petition.

10.7   Travelers denies the allegations in paragraph no. 10.7 of the plaintiff's original petition.

10.8   Travelers denies the allegations in paragraph no. 10.8 of the plaintiff's original petition.

10.9   Travelers denies the allegations in paragraph no. 10.9 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

10.10  Travelers admits counsel for the plaintiff submitted a notice letter to Travelers dated October 13, 2022 as alleged in paragraph no. 10.10 of the plaintiff's original petition, but Travelers denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

10.11  Travelers admits the allegations in paragraph no. 10.11 of the plaintiff's original petition, but Travelers denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

11.1    Travelers denies the allegations in paragraph no. 11.1 of the plaintiff's original petition and all subparts thereto:

a.    Travelers denies the allegations in subpart a. of paragraph no. 11.1 of the plaintiff's original petition.

b.    Travelers denies the allegations in subpart b. of paragraph no. 11.1 of the plaintiff's original petition.

c.    Travelers denies the allegations in subpart c. of paragraph no. 11.1 of the plaintiff's original petition.

d.    Travelers denies the allegations in subpart d. of paragraph no. 11.1 of the plaintiff's original petition.

e.    Travelers denies the allegations in subpart e. of paragraph no. 11.1 of the plaintiff's original petition.

11.2    Travelers denies the allegations in paragraph no. 11.2 of the plaintiff's original petition.

11.3    Paragraph no. 11.3 of the plaintiff's original petition does not contain any allegations to which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 11.3 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

12.1    Although Travelers admits it is subject to certain requirements of good faith and fair dealing, Travelers denies it breached any duty of good faith and fair dealing as alleged in paragraph no. 12.1 of the plaintiff's original petition.

12.2    Travelers denies the allegations in paragraph no. 12.2 of the plaintiff's original petition.

12.3    Travelers denies the allegations in paragraph no. 12.3 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

12.4    Travelers denies the allegations in paragraph no. 12.4 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

13.1    Travelers admits the Travelers policy issued to the plaintiff contains certain terms, conditions, limitations, and exclusions and otherwise speaks for itself as alleged in paragraph no. 13.1 of the plaintiff's original petition, but Travelers denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

14.1    Travelers denies the allegations in paragraph no. 14.1 of the plaintiff's original petition.

15.1    Travelers denies the allegations in paragraph no. 15.1 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

15.2    Travelers denies the allegations in paragraph no. 15.2 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

15.3    Travelers denies the allegations in paragraph no. 15.3 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

15.4    Travelers denies the allegations in paragraph no. 15.4 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

15.5    Travelers denies the allegations in paragraph no. 15.5 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

15.6    Travelers denies the allegations in paragraph no. 15.6 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

15.7    Travelers denies the allegations in paragraph no. 15.7 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

16.1    Travelers denies the allegations in paragraph no. 16.1 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

16.2    Travelers denies the allegations in paragraph no. 16.2 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

17.    Travelers denies the plaintiff is entitled to the relief requested in the prayer of the plaintiff's original petition.

18.    Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Travelers denies all allegations in the plaintiff's original petition that are not specifically admitted herein.

<u>AFFIRMATIVE DEFENSES AND OTHER DEFENSES</u>

Travelers hereby asserts the following affirmative defenses and other defenses to the claims and allegations set forth in the plaintiff's original petition.

19.    The plaintiff's claims are barred, either in whole or in part, because the plaintiff has failed to state a claim upon which relief can be granted.  The plaintiff has failed to describe how Travelers' alleged breach of the insurance contract would convert the plaintiff's contractual claim into any other causes of action including, without limitation, breach of the duty of good faith and fair dealing or a violation of the Texas Insurance Code.

20.    Travelers admits it issued the Travelers policy to the plaintiff, which policy contains or incorporates certain exclusions and provisions or endorsements that preclude or limit coverage, in whole or in part, and are set forth, in relevant part, as follows:

**Policy Information**

| | | | |
|---|---|---|---|
| **Your Policy Number** | 611311989 634 1 | **For Policy Service** | 1.254.526.6696 |
| **Your Account Number** | 611311989 | **For Claim Service** | 1.800.252.4633 |
| **Your Insurer:** | TRAVELERS PERSONAL INSURANCE COMPANY | | |
| | a subsidiary or affiliate of The Travelers Indemnity Company | | |
| | One Tower Square, Hartford, CT 06183 | | |

\*\*\*

**The policy period is from February 27, 2022 at 12:01 A.M. STANDARD TIME to February 27, 2023 at 12:01 A.M. STANDARD TIME at the residence premises.**

\*\*\*

**Coverages and Limits of Liability**

| **Property Coverage Section** | **Limit** |
|---|---|
| Coverage C – Personal Property | $145,000 |

\*\*\*

**Deductibles**

| **Peril Deductible** | **Deductible** |
|---|---|
| Property Coverage Deductible (All Perils) | $500 |

\*\*\*

**Personal Property – Special Limits of Liability**                    **Limit**

\*\*\*

k.  Business property on the residence premises                    $3,000

\*\*\*

## AGREEEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

## DUTY TO REPORT CHANGES IN EXPOSURE

You or an "insured" must notify us when:

\*\*\*

**5.**    There is a chance to the use of the "residence premises" with respect to "business" conducted or rental activity…

\*\*\*

If you fail to report a change relating to the insured property within 60 days, it may result in denial of coverage under this policy.

## DEFINITIONS

In this policy, you and your refer to:

        **a.**  The named "insured" shown in the Declarations…

\*\*\*

In this policy, we, us and our refer to the member company of Travelers providing this insurance and shown as Your Insurer in the Declarations.

In this policy, certain words and phrases are in quotes. Those words and phrases are defined as follows:

\*\*\*

**5.**    "Business" means:

        **a.**  A trade, profession, or occupation engaged in on a full-time, part-time, or occasional basis; or

   **b.** Any other activity engaged in for money or other compensation, except the following:

      **(1)** One or more activities, for which no "insured' receives more than $5,000 in total compensation during the 12 consecutive months prior to an "occurrence"…

\*\*\*

**9.** "Insured" means:

   **a.** You…

\*\*\*

**10.** "Insured location" means:

   **a.** The "residence premises";

\*\*\*

**16.** "Residence premises" means:

   **a.** The one family dwelling unit where you reside; or

   **b.** The two, three or four family dwelling units where you reside in at least one of the family units;

and which is shown as the "residence premises" in the Declarations.

\*\*\*

## <u>PROPERTY COVERAGE C – PERSONAL PROPERTY</u>

**1.** **Covered Property.** We cover personal property owned or used by an "insured" while it is anywhere in the world. At your request, we will cover personal property owned by:

   **a.** Others while the property is on the part of the "residence premises" occupied by an "insured"; or

   **b.** A guest or "residence employee", while the property is in any residence occupied by an "insured".

This request may be made after a loss.

\*\*\*

**3.** **Special Limits of Liability.** The following categories of personal property are covered only up to the Special Limits of Liability

indicated below or shown in the Declarations. The special limit for each category described below is the total limit for each loss for all property in that category. These special limits do not increase the Property Coverage C limit of liability.

\*\*\*

**k.** Covered property, on the "residence premises", used primarily for "business" purposes.

\*\*\*

## PROPERTY – PERILS INSURED AGAINST
## <u>PROPERTY COVERAGE C – PERSONAL PROPERTY</u>

We insure for direct physical loss to the property described in Property Coverage C caused by any of the following perils, unless the loss is excluded in Property – Exclusions.

\*\*\*

**9.** **Theft.**

**a.** This peril includes attempted theft and loss of property from a known place when it is likely that the property has been stolen.

\*\*\*

## <u>PROPERTY – EXCLUSIONS</u>

We do not insure for any direct or indirect loss or damage caused by, resulting from, contributing to or aggravated by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

These exclusions apply whether or not the loss event:

**(1)** Results in widespread damage;

**(2)** Affects a substantial area; or

**(3)** Occurs gradually or suddenly.

These exclusions also apply whether or not the loss event arises from:

**(1)** Any acts of nature;

**(2)** Any human action or inaction;

17

**(3)** The forces of animals, plants or other living or dead organisms; or

**(4)** Any other natural or artificial process.

\*\*\*

**9.     Intentional Loss.**

**a.** Intentional loss means any loss arising out of any act the "insured" commits or conspires to commit with the intent to cause a loss.

In the event such a loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

\*\*\*

## PROPERTY – CONDITIONS

**1.     Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:

**a.** To an "insured" for more than the amount of such "insured's" interest at the time of loss; or

**b.** For more than the applicable limit of liability.

**2.     Your Duties After Loss.** In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, or an "insured" seeking coverage, or a representative of either.

**a.** Give prompt notice to us or our agent. With respect to a loss caused by the peril of windstorm or hail, that notice must occur not later than one year after the date of the loss. However, for loss caused by the peril of windstorm or hail, any such claim may be filed after the first anniversary of the date of the loss for good cause shown by the person filing the claim;

**b.** Notify the police in case of loss by theft;

\*\*\*

**e.** Cooperate with us in the investigation of a claim;

**f.** Prepare an inventory of damaged personal property showing the quantity, description, value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

**g.** As often as we reasonably require:

　　**(1)** Show the damaged property;

　　**(2)** Provide us with records and documents we request and permit us to make copies; and

　　**(3)** Submit to examination under oath, while not in the presence of another "insured" and sign the same. A parent or guardian may be present during any examination of a minor; and…

\*\*\*

**4.** **Loss Deductible.** Unless otherwise stated in this policy, the following deductible provision applies:

**a.** Subject to the policy limits that apply, we will pay only that part of the total of all loss payable under the Property Coverage Section that exceeds the deductible amount shown in the Declarations.

\*\*\*

**9.** **Suit Against Us.**

**a.** Except as provided in **9.b.**, no suit or legal action can be brought against us unless there has been full compliance with all of the terms under the Property Coverage Section of this policy. Action must be brought against us within two years and one day after the date the cause of action accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

\*\*\*

<u>**PERSONAL PROPERTY REPLACEMENT COST LOSS SETTLEMENT**</u>

**This Endorsement Changes The Policy. Please Read It Carefully.**

**PROPERTY COVERAGE SECTION**

**PROPERTY – CONDITIONS**

For purposes of this Personal Property Replacement Cost Loss Settlement only, the following replaces **3.** Loss Settlement paragraph **a.**:

  **3.** **Loss Settlement.**

   **a.** Property of the following types:

    **(1) Eligible Property.** Covered losses to the following property are settled at replacement cost at the time of the loss:

     **(a)** Property described in Property Coverage C – Personal Property…

  21. As to the plaintiff's extracontractual claims alleging "bad faith," a bona fide controversy existed and continues to exist concerning the plaintiff's entitlement, if any, to insurance benefits from Travelers, and Travelers possesses the right to value claims differently from an insured asserting claims under an insurance policy without facing bad faith liability. Travelers would show that a bona fide controversy existed and continues to exist regarding the plaintiff's alleged covered loss.

  22. By way of additional defense, Travelers asserts that in the unlikely event the plaintiff prevails on all or part of his claims against Travelers, Travelers is entitled to a credit for all amounts already paid by any party or entity to the plaintiff for his alleged damages that are the subject of this suit.

  23. With respect to the plaintiff's claim for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice and Remedies Code sections 41.002 – 41.009.

24.     The plaintiff's damages, if any, are limited by the amounts set forth in the Policy limitations provisions of the applicable insurance policy. The plaintiff's contractual damages cannot exceed the applicable policy limits.

25.     Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Travelers is entitled to a credit or appropriate offset for: (a) any damages or losses attributable to the conduct, products, and breaches of third parties; and (b) any amounts paid in settlement by or on behalf of any individual or entity, whether or not a party to this lawsuit.

26.     To the extent the plaintiff has failed to comply with the notice requirements of the Texas Insurance Code, the Texas Deceptive Trade Practices – Consumer Protection Act, and Section 38.001 of the Texas Civil Practice and Remedies Code, the plaintiff is precluded from recovering attorneys' fees and expenses in this matter.

27.     The existence of coverage for the plaintiff's underlying insurance claim is necessary to establish the basis of the plaintiff's Insurance Code claims.  Because the plaintiff's allegations are generally based on Travelers' alleged failure to investigate the claim and pay policy benefits, the absence of coverage for the aspects of the plaintiff's insurance claim for which the plaintiff is seeking recovery from Travelers in this lawsuit precludes the plaintiff's Insurance Code and all other extracontractual claims against Travelers.

28.     Travelers denies that all conditions precedent to suit have been met, have occurred, have been excused, or have been waived.

29.     Travelers expressly reserves all other rights and defenses under the Travelers policy and applicable law. Travelers further reserves the right to amend its

answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the policy that may become apparent during Travelers' ongoing investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, the defendant, Travelers Personal Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which the defendant may show itself justly entitled to receive.

Respectfully submitted,

WILKINS | GIRE, PLLC
350 Pine Street, Suite 660
Beaumont, TX 77701
(409) 241-8094 phone
(409) 750-7826 facsimile

 /s/ Greg C. Wilkins_____
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gwilkins@wilkinsgire.com.com

ATTORNEY FOR DEFENDANT,
TRAVELERS PERSONAL
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 1st day of September 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Greg C. Wilkins_____
Greg C. Wilkins