**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **CAS MCKINNEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **6:23-cv-00137-ADA-DTG** |
| **TRAVELERS PERSONAL INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Cas McKinney ("Plaintiff") and files this Original Complaint complaining of Travelers Personal Insurance Company ("Travelers"), and for causes of action against Travelers would show as follows:

**I. PARTIES**

1.1     Plaintiff is a resident of Bell County, Texas.

1.2     Travelers is a domestic corporation in the business of selling insurance in the State of Texas and may be served with process by serving its registered agent for service of process, Corporation Service Company, at the registered office, 211 East 7th Street, Suite 620, Austin, Texas, 78701-3218.

**II. JURISDICTION & VENUE**

2.4     This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of the Court, and there is complete diversity of citizenship among the parties in this matter.

2.5 Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division of the place where the state court action was filed.

### III. FACTUAL BACKGROUND

3.1 Plaintiff had a policy of insurance issued by Travelers under policy number 0B8698-611311989-634-1 (the "Policy").

3.2 The Policy covers loss of Plaintiff's personal property due to theft.

3.3 In June of 2020, certain personal property of Plaintiff (the "Property") was stolen from Plaintiff's home while he was away.

3.4 Plaintiff notified the Killeen Police Department to report the theft of the Property.

3.5 Plaintiff timely filed a claim with Travelers and sought to recover for the loss of his Property.

3.6 The claim was acknowledged by Travelers and assigned claim number IPU6266.

3.7 Plaintiff asked that Travelers cover loss of the Property.

3.8 However, Travelers failed to fully investigate the claim, unreasonably delayed payment, and/or failed to pay the claim in accordance with the Policy.

3.9 The unreasonable investigation performed by Travelers led to the improper denial of Plaintiff's claim.

3.10 Travelers failed to thoroughly review and properly oversee the work of the assigned claims representatives and adjusters, which ultimately led to the improper adjustment and denial of Plaintiff's claim.

3.11 Travelers misrepresented material facts of Plaintiffs' claim.

3.12    Specifically, Travelers represented that Plaintiff committed fraud under the Policy; that Plaintiff did not have evidence supporting ownership and quality of the property; and that the Policy did not provide coverage for Plaintiff's loss.

3.13    Travelers made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, in disregard of the truth.

3.14    Travelers made these false representations with the intent Plaintiff act in accordance with and rely upon the misrepresentations.

3.15    Throughout the entire claims process, Travelers worked towards denying and/or underpaying on covered damages.

3.16    Travelers improperly and unreasonably investigated the claim, which led to the improper denial of Plaintiff's claim.

3.17    To this date, despite demands, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

3.18    Travelers has continued to deny full payment for Plaintiffs' claim.

3.19    Travelers's refusal to pay the full and proper amount of Plaintiff's claim is a breach of its contractual duties to adequately compensate Plaintiff under the terms of the Policy.

3.20    Travelers refused to pay the full proceeds of the Policy, despite due demand being made.

3.21    All conditions precedent to recover upon the Policy had been carried out and accomplished by Plaintiff.

3.22    Travelers' misrepresentations, unreasonable delay, and improper adjusting constitute a breach of statutory obligations under Chapter 541 and 542 of the Texas Insurance Code and thus constitute a breach of the insurance contract between Travelers and Plaintiff.

3.23    Travelers failed to attempt to settle Plaintiff's claim in a fair manner even though Travelers is aware of its liability to Plaintiffs under the Policy.

3.24    Specifically, Travelers has failed to—in an honest and fair manner—balance its own interest in maximizing gains and limiting scopes of coverage with the interests of Plaintiff by failing to properly investigate the claim and misrepresenting the scope the coverage.

3.25    Travelers failed to provide Plaintiff with reasonable explanation for its denial of payment.

3.26    Travelers failed to provide Plaintiff with documents and other information requested by Plaintiff.

3.27    Travelers refused to fully compensate Plaintiff under the terms of the Policy. Travelers performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased and unfair investigation and denial.

3.28    Travelers' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm who are representing him with respect to these causes of action.

## IV. CONDITIONS PRECEDENT

4.1    All conditions precedent to recovery have been performed or have occurred.

## V. RESPONDEAT SUPERIOR

5.1    At all times relevant hereto, all of Travelers' employees, supervisors, managers, claim handlers, estimators, and adjusters were acting as agents of Travelers with actual or apparent authority and within the course and scope of their agency relationship.

## VI. 1ST CAUSE OF ACTION – BREACH OF CONTRACT

6.1   At the time of the loss, Plaintiff had in place a policy of insurance issued by Travelers.

6.2   The Policy premiums were current.

6.3   All conditions precedent to recovery were made.

6.4   Travelers wrongfully failed to comply with the terms of the contract.

6.5   Travelers is, therefore, in breach of the contract of insurance issued to Plaintiff.

6.6   Travelers's conduct constitutes a breach of contract resulting in damages to Plaintiff.

## VII. 2ND CAUSE OF ACTION – DTPA

7.1   Plaintiff is a "consumer[s]" as defined by Tex. Bus. & Com. Code § 17.45(4).

7.2   Travelers violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE § 17.44 et seq.), because it engaged in false, misleading, and/or deceptive acts or practices that Plaintiff relied on to his detriment.

7.3   Among other things, Travelers engaged in unlawful conduct under Section 17.46(b).

7.4   The acts and omissions of Travelers also constitute violations of the DTPA, including but not limited to, the following:

a.   Committing false, misleading, or deceptive acts or practices as defined by §17.46(b);

b.   Breach of warranty;

c.   Unconscionable action or course of action; and

d.  Use or employment of an act or practice in violation of the Texas Insurance Code Section 541.151 et seq. as described herein.

7.5  Travelers' acts and omissions were a producing cause of Plaintiff's damages.

7.6  Travelers' conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Travelers had actual awareness of the falsity, deception, or unfairness of their acts and practices giving rise to Plaintiff's claims.

7.7  Plaintiff detrimentally relied on the falsity or deception and in detrimental ignorance of the unfairness.

7.8  Plaintiff provided Travelers the notice required by Chapter 17 of the Texas Business and Commerce Code.

## VIII. 3RD CAUSE OF ACTION- TEXAS INSURANCE CODE § 541 ET SEQ.

8.1  Travelers violated the TEXAS INSURANCE CODE § 541 et seq. because it engaged in unfair and/or deceptive acts or practices in the business of insurance.

8.2  Specifically, Travelers's acts and omissions violated the following:

a.  § 541.051(1);

b.  § 541.051(5);

c.  § 541.060 – engaging in unfair settlement practices by:

   i.  misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue (§ 541.060(1));
   ii.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which Travelers' liability has become reasonably clear (§ 541.060(2));
   iii.  failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(3));
   iv.  failing within a reasonable time to affirm or deny coverage of a claim to a policyholder (§ 541.060(4));

   v. refusing to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(7)).

 d. § 541.061 – misrepresenting Plaintiff's insurance policy by:

   i. making an untrue statement of material fact (§ 541.060(1));
   ii. failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made (§ 541.060(2)); and
   iii. making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material facts (§ 541.060(3)).

 e. Section 17.46(b) of the DTPA, incorporated by TEXAS INSURANCE CODE § 541.151.

8.3 Travelers' conduct was committed knowingly because Travelers had actual awareness of the falsity, deception or unfairness of their acts and practices made the basis for Plaintiff's claim for damages under the TEXAS INSURANCE CODE.

8.4 Plaintiff gave Travelers notice as required by § 541.154 of the TEXAS INSURANCE CODE.

8.5 Travelers's conduct was a producing cause of Plaintiff's injuries.

## IX. 4TH CAUSE OF ACTION – TEXAS INSURANCE CODE § 542 ET SEQ.

9.1 Travelers violated Chapter 542 of the Texas Insurance Code because it failed to do the following within the statutorily mandated time of receiving all necessary information:

 a. failing to request all information reasonably necessary to investigate Plaintiff's claim with the statutorily mandated deadlines;

 b. failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claim;

 c. failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;

 d. failing to pay Plaintiff's claim without delay; and

    e.    failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

9.2    Such failures constitute violations of the TEXAS INSURANCE CODE Chapter 542.

9.3    As a result of the foregoing violations, Plaintiff requests damages under TEXAS INSURANCE CODE Section 542.060.

## X. 5th CAUSE OF ACTION – GOOD FAITH & FAIR DEALING

10.1    Travelers owed Plaintiff a duty of good faith and fair dealing.

10.2    Travelers breached this duty by the way it chose to handle Plaintiff's claim because it should have properly investigated the claim and not misrepresented the covered losses incurred by Plaintiff.

10.3    Plaintiff suffered damages and hardship because of Travelers' failure to deal fairly and in good faith with Plaintiff when reviewing, assessing, adjusting, and otherwise handling Plaintiff's claim for policy benefits.

10.4    Travelers' breach of its duty was a proximate cause of Plaintiff's damages.

## XI. AMBIGUITY

11.1    The policy in place at the time of the loss contained patent and latent ambiguities concerning the terms of the Policy governing the insured's duties after loss.

## XII. WAIVER AND ESTOPPEL

12.1    Travelers has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XIII. <u>DAMAGES</u>

13.1   As a direct result of Travelers' conduct, Plaintiff has suffered economic and actual damages, all of which he is entitled to recover.

13.2   Plaintiff is entitled to recover mental anguish damages because Travelers acted in bad faith and Travelers's knowing conduct was the producing cause of Plaintiff's mental anguish.

13.3   Pursuant to the DTPA and TEXAS INSURANCE CODE, Plaintiff is entitled to recover treble damages because Travelers' conduct was committed knowingly.

13.4   Travelers' actions entitle Plaintiff to statutory damages, treble damages, mental anguish, and interest of 18% per annum for its lack of prompt payment of this claim.

## XIV. <u>ATTORNEY'S FEES</u>

14.1   As a result of Travelers' conduct, Plaintiff has been forced to retain attorneys to seek justice in this Court.

14.2   Accordingly, Plaintiff is entitled to recover reasonable and necessary attorney's fees incurred in this action pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, DTPA § 17.50(d), and TEXAS INSURANCE CODE Chapters 541 and 542.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Travelers for Plaintiff's economic damages, actual damages, mental anguish damages, statutory interest penalties, treble damages, additional damages, reasonable and necessary attorney fees, pre-judgment interest, and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs are entitled.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.

                                                       Respectfully submitted,

                                                       WYLY & COOK, PLLC

                                                       */s/ Warren A. Berlanga*
                                                       Warren A. Berlanga
                                                       Texas State Bar No. 24085199
                                                       wberlanga@wylycooklaw.com
                                                       Brad T. Wyly
                                                       Texas State Bar No. 24042198
                                                       bwyly@wylycooklaw.com
                                                       1415 North Loop West, Suite 1000
                                                       Houston, Texas 77008
                                                       (713) 236-8330 Telephone
                                                       (713) 863-8502 Telefax
                                                       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      This is to certify that on November 1, 2023, a true and correct copy of the above and foregoing was served upon all counsel of record via CM/ECF electronic filing system.

                                                       /s/ *Warren A. Berlanga*